**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SISTERS OF MERCY HEALTH SYSTEM, ST. LOUIS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. CIV-05-0115-F<br>) |
| G. PAUL KULA, M.D. and PAULA BACHHOFER, | )<br>)<br>) |
| Defendants. | ) |

## ORDER

"Plaintiff, Sisters of Mercy Health System's, Motion to Stay Companion Case During Appeal," filed June 19, 2006, is before the court. (Doc. no. 95.) By its motion, Sisters of Mercy Health System, St. Louis, Inc. (Sisters) asks the court to stay a related action currently pending before the undersigned, Patricia D. Bachhofer v. G. Paul Kula, M.D., CIV-04-0969-F. The requested stay would remain in place during the appeal of the instant action. Defendant Patricia Bachhofer has responded to the motion, and plaintiff has replied to Ms. Bachhofer's response. Although any response to the motion was due by July 7, 2006, defendant G. Paul Kula, M.D., has not filed a response and has not requested an extension of time within which to respond. Accordingly, the court will consider the motion without the benefit of a submission on behalf of Dr. Kula. The motion is ready for determination.

### Background

This is a declaratory judgment action in which Sisters sued Dr. Kula and Ms. Bachhofer alleging that it owed no duty of defense or indemnity to Dr. Kula in

Bachhofer v. Kula. This court agreed with Sisters, and its declaratory judgment in Sisters' favor is on appeal. The action which Sisters seeks to stay, Bachhofer v. Kula, is an action in which Ms. Bachhofer asserts claims against Dr. Kula based on Dr. Kula's alleged sexual abuse and victimization of Ms. Bachhofer while she was his psychiatric patient. Bachhofer v. Kula was previously stayed (pursuant to a joint motion of the parties in that action), pending a ruling by this court in the instant declaratory judgment action. The stay was lifted at the status conference in Bachhofer v. Kula on May 2, 2006, and Bachhofer v. Kula is now set on this court's February, 2007 trial docket.

## Standards

The parties' briefs do not cite any authorities which address the grant or denial of a stay in these precise circumstances, that is, where the movant asks a court to enter an order in an action which is currently on appeal, and where that order would then stay a different but related action which is pending before the same judge involving some but not all of the same parties, and where the movant asks that such a stay remain in place until the appeal of the action in which the movant brought the motion is determined. It is well established, however, that the court has inherent power to stay another proceeding, incidental to its power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants. United Steel Workers v. Oregon Steel Mill, 322 F.3d 1222, 1227 (10th Cir. 2003), citing United States Supreme Court authorities.

When a stay of judicial proceedings is sought, the movant has the burden to show that it is entitled to the stay. *See*, Securities Investor Protection Corporation v. Blinder, Robinson & Co., Inc., 962 F.2d 960, 968 (10th Cir. 1992) (movant required to show four factors as a basis for a stay of the district judge's order appointing a trustee for liquidation pending appeal of that order). An order enjoining judicial

proceedings involves an exercise of judicial discretion, and the exercise of that discretion calls for a balancing of competing interests. *See*, Span-Eng Associates v. Weidner, 771 F.2d 464, 467 (10th Cir. 1985) (reversing a federal district court's order enjoining a related securities action pending in a federal district court in another state; no stay pending appeal involved).

Preliminary Issues

Before reaching the merits of the stay, it is necessary to address several preliminary issues.

The first issue concerns jurisdiction. Because this action is on appeal, Ms. Bachhofer argues that Sisters' motion should be denied for lack of jurisdiction. Ms. Bachhofer is correct that, as a general matter, a district court loses jurisdiction over a case once a notice of appeal has been filed. W.N.J. v. Yocom, 257 F.3d 1171, 1172-73 (10th Cir. 2001). However, despite the pendency of an appeal, a district court retains jurisdiction over a case in order to deal with collateral matters, for example, to address attorney's fees or to correct clerical errors under Rule 60(a), Fed. R. Civ. P. *Id.* Here, the entry of an order which would stay the related case is not a matter which would affect the substance of the appeal in this case. Therefore, the court finds and concludes that the motion for a stay involves an issue which is collateral to the appeal. Accordingly, the court has jurisdiction over the motion.

Ms. Bachhofer also argues that Sisters' motion should be denied because Sisters is not a party in the related action which Sisters seeks to stay. Ms. Bachhofer argues that Sisters therefore "lacks standing to seek a stay in that matter." (Response, p. 1.) Ms. Bachhofer offers no developed argument on this point. Moreover, standing merely requires a stake or interest in the subject matter of an action which is sufficient to provide a justiciable case or controversy. Here, the possibility of a different result on appeal in this declaratory judgment action which involves Sisters' obligation to

defend and indemnify Dr. Kula in Bachhofer v. Kula gives Sisters a stake in Bachhofer v. Kula. This fact is borne out by Sisters' continued defense of Dr. Kula in Bachhofer v. Kula, despite this court's ruling that Sisters owes no such duty.[1] For all of these reasons, the court finds and concludes that Sisters has standing to move for a stay of Bachhofer v. Kula.

Finally, Ms. Bachhofer points out that this court has already ruled (in Bachhofer v. Kula) that Bachhofer v. Kula will not be stayed pending determination of the appeal in the instant action. A court almost always has discretion to reconsider a ruling, however. Without pre-judging the outcome of that reconsideration, the court finds and concludes that it is appropriate to reconsider its prior ruling here, because Sisters was not a party to the proceedings in Bachhofer v. Kula and Sisters did not submit its position on the stay in Bachhofer v. Kula.[2]

## The Merits of the Stay

Authorities involving a party's request to stay a court's order pending determination of the correctness of that order on appeal provide guidance for the exercise of the court's discretion in this matter. In that regard, Securities Investor Protection Group, 962 F.2d 960, 968 (10th Cir. 1992), a case which both parties discuss in their briefs, is helpful. Securities Investor states that the factors a movant "is required to show the district court" are: 1) the movant's strong position on the

---

[1] Sisters' moving brief (at p. 7) states that Sisters continues to represent Dr. Kula in Bachhofer v. Kula pursuant to a reservation of rights.

[2] In order to submit its position on the stay for the court's consideration during the proceedings in Bachhofer v. Kula, Sisters would have needed leave to intervene in that action for that purpose. Sisters states that its counsel did not know the stay issue was being considered in Bachhofer v. Kula until after the court had issued the new scheduling order in that case. (Reply brief, p. 1.) Sisters explains this lack of information by stating that Dr. Kula's attorneys in Bachhofer v. Kula represent Dr. Kula and not Sisters in that action, and that Dr. Kula's attorneys have attempted to remain completely uninvolved in coverage issues due to conflict of interest concerns. (Reply brief, pp. 1-2.)

merits of the appeal; 2) irreparable injury if the stay is denied; (3) the lack of substantial harm to other parties to the litigation as a result of the stay; and (4) public interests which favor a stay. *Id*. at 968.

    1. <u>The movant's strong position on the merits of the appeal.</u>

The issues presented by this declaratory judgment action are difficult ones. Although the court continues to believe that its ruling in favor of Sisters was correct, the issues which the court addressed in making that ruling are certainly issues that could easily go either way. The court is hard-put to give this factor significant weight in favor of Sisters.

    2. <u>Irreparable injury if the stay is denied.</u>

Sisters contends that if a stay is not entered, then Sisters will be irreparably injured because of the difficulties and costs caused by Sisters' defense of Dr. Kula against Ms. Bachhofer's claims (including punitive damages claims) in <u>Bachhofer v. Kula,</u> while Sisters reserves its rights against Dr. Kula. To be sure, in some instances, the requirement that a party invest significant time, costs, and resources toward a second proceeding that may ultimately prove to be superfluous if the same party proves successful on appeal may constitute irreparable harm within the meaning of the second factor relevant to a stay. *See*, *e.g.*, <u>Twin Cities Galleries, LLC v. Media Arts Group, Inc.</u>, __ F. Supp. 2d __, 2006 WL 1331471 at *2 (D. Minn. 2006) (order vacating arbitration award and requiring parties to submit to second arbitration stayed pending appeal of the order). Here, however, the types of economic damages and conflicts of interest which Sisters asserts are both foreseeable and unremarkable for a party such as Sisters, which administers a self-funded pooled comprehensive liability program for participating hospitals. Additionally, as already noted, Sisters states that the attorneys representing Dr. Kula in <u>Kula v. Bachhofer</u> "have attempted to remain completely uninvolved in the coverage issues due to conflict of interest

concerns." (Reply, pp. 1-2.) With these precautions in place, and given the nature of Sisters' business, the court finds that Sisters has not shown the types of injuries which constitute irreparable injuries. The court finds and concludes that Sisters has failed to show the existence of the second factor.[3]

    3. <u>The lack of substantial harm to other parties as a result of the stay.</u>

Ms. Bachhofer contends that her "treating mental health professionals have repeatedly advised it is crucial to get this matter behind her." (Response brief, p. 2.) She states that "the longer [she] is forced to wait to get her case against Dr. Kula heard, the more she remains fixated on how she was mistreated, and the greater is the pain and her long term emotional injury." (Response brief, p. 2.) She states that her damages will continue to "compound" if the trial of <u>Bachhofer v. Kula</u> is further delayed, "causing ever greater disarray in her life." (Response brief, p. 4.)

Sisters points out that Ms. Bachhofer offers no evidence to support her contentions regarding her compounding injuries. Although evidence from Ms. Bachhofer or her medical professionals might have been helpful to her position, evidence is not necessarily essential to the court's consideration of the relevant factors. Moreover, even if evidence were crucial here (which the court finds that it is not), the initial burden to show no substantial harm to other parties as a result of the stay is Sisters' burden, not Ms. Bachhofer's. Perhaps most importantly, it is not essential to submit evidence here, where the types of emotional damages claimed by Ms. Bachhofer are relatively predictable given the nature of the alleged sexual misconduct by Dr. Kula.

---

[3]<u>Securities Investor Protection Corp.</u> indicates that a movant must establish each of the four factors to be entitled to a stay, at least in the circumstances of that case. *See*, <u>Securities Investor</u>, 962 F.2d at 968 (factors (1), (2), (3) "and" (4) are "required" to be shown to the district court). Thus, under the test outlined in <u>Securities Investor</u>, it is unnecessary for the court to consider the other factors because Sisters has failed to carry its burden. The court goes on to consider other factors, however, because of the lack of on-point authorities.

Sisters also argues that delay is not a sufficient reason to deny a stay. Ms. Bachhofer does not argue mere delay as her injury, however. Rather, she argues that she will suffer serious, compounding emotional injuries as a result of the delay which a stay would cause.

Sisters argues that Ms. Bachhofer's damages resulting from delay are "questionable to say the least" in light of Ms. Bachhofer's (or her counsel's) own delays in bringing Bachhofer v. Kula to trial and her agreement (or her counsel's) to an initial stay in Bachhofer v. Kula while this court decided the coverage issues in this action. (Reply, p. 5.) While different considerations may apply to a delay while a trial court rules in a declaratory action than may apply to a delay which would last as long as an appeal is pending, Ms. Bachhofer's prior agreement to a stay does somewhat undercut her contentions regarding the emotional injuries which she now asserts will follow from additional delays. This consideration, however, is far from dispositive.

In summary, the court finds and concludes that Sisters has failed to show that other parties will not be substantially harmed by the stay. Accordingly, Sisters has failed to show the existence of the third factor.

4. Public interests which favor a stay.

The fourth factor requires the court to consider whether granting or denying the stay will best serve the public interest. Ms. Bachhofer asserts the right of litigants to proceed in a timely manner toward an adjudication of their claims. This is an important right which serves the public interest. *See*, Span-Eng, 771 F.2d at 467 (reversing the district court's stay of other federal proceedings pending in a different federal case; the court observed that the right to proceed in court should not be denied except under the most extreme circumstances; a stay pending appeal was not involved). Additionally, a timely trial is important here, given the nature of the claims to be adjudicated in the case Sisters seeks to delay. On the other hand, Sisters

essentially argues that there is a public interest in not requiring parties (such as Sisters) to choose between defending another party (such as Dr. Kula), while reserving the first party's rights not to defend or indemnify the other party, when a trial court has declared that there is no contractual obligation to defend or indemnify the other party but while awaiting judicial review of that declaration.

Sisters has chosen to defend Dr. Kula based on a business decision that the risks and costs of declining Dr. Kula's defense and indemnification outweigh the risks and costs[4] of providing defense and indemnification. Weighed against Ms. Bachhofer's right to proceed to trial against Dr. Kula in a timely manner, the court determines that the public interest is best served by denying the stay. Accordingly, the court finds and concludes that Sisters has failed to establish the fourth factor.

In summary, the four factors set out in <u>Securities Investor</u> require denial of the stay. Although, given the differences between the type of stay sought here and the type of stay sought in <u>Securities Investor</u>, Sisters' motion may not be strictly governed by the test set out in <u>Securities Investor</u>, the court finds that there are no other considerations which need to be taken into account here. The court finds and concludes that in the circumstances of this case, the stay should be denied.[5]

---

[4] These are risks and costs to which Sisters willingly exposed itself when, with knowledge of Dr. Kula's proclivities, it permitted him to join its staff and to practice in a specialty in which predatory behavior could have exceptionally injurious consequences.

[5] The court reaches the same result whether the <u>Securities Investor</u> factors are viewed as merely helpful or as controlling. The court also reaches the same result if, as Ms. Bachhofer contends, Sisters is required to make "a strong showing of necessity" to be entitled to the stay because the stay would affect the rights of others in different judicial proceedings. *See*, <u>Span-Eng Associates v. Weidner</u>, 771 F.2d 464, 468 (10th Cir. 1985), (reversing district court's stay of another federal action pending in another federal court involving different defendants; no stay pending appeal involved).

Conclusion

After consideration of the parties' submissions, the record in this case and in <u>Bachhofer v. Kula</u>, and the relevant legal authorities, "Sisters of Mercy Health System's Motion to Stay Companion Case During Appeal" is **DENIED**.

Dated this 25th day of July, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0115p025(pub).wpd